## MAFFIA v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10847. Decided May 19, 1930

Charles N. Krieg, Cleveland, for Maffia.
Ray T. Miller and David Ralph Hertz, both of Cleveland, for State.

VICKERY, PJ.

Now the statement of the little girl was wholly and entirely incompetent. It could only be used to contradict her and, inasmuch as she was a State's witness and testified that she had not had intercourse with her father, and she testified that those answers in that statement were false, but that she had made them, the paper could not be introduced to contradict anything. Then one wonders upon what the State predicates the right to introduce the confession of the father, for the law is well settled that the corpus delicti must first be proven before a confession can be used.

Now it seems that the learned judge in this case said if the doctor would testify that the little girl was still a virgin he would at once direct a verdict for the father. Of course, if the little girl had been a virgin, it is perfectly manifest that there could not have been any incestuous relation between the father and this girl. It seems that because his honor got the notion that the little girl was not a virgin, the father must therefore have been the author of her downfall. The evidence disproves that from her own testimony and that was all the testimony there was up to the time of the introduction of this confession.

From the conduct of this little girl before and after she was in the Sterling Home, running around with boys, it is obvious, had the officers pressed the matter farther, they might have found some other person was the author of her downfall other than her father. The mere fact that she was not a virgin did not tend to prove that the father was the author of her downfall. Therefore, there was no evidence to prove the corpus delicti against the father when this confession was introduced. Subsequently the father got on the witness-stand and denied that he had had anything to do with his daughter and stated under what circumstances the so-called confession was obtained from him. Under the circumstances, we think that, after the State closed its testimony, the motion for a directed verdict of not guilty should not have been sustained by the court, and after all the testimony was in, the father having testified denying his so-called confession, it was the court's duty to grant the motion in arrest of judgment and order a discharge of the defendant below, plaintiff in error here, for there was the good record of this man who was a faithful father to his other children. His wife testified that he is a good husband and that he is good to her and to the children, and in face of that record under the testimony, taken under the circumstances that it was, to send a man to the Penitentiary and put his children in charge of charity, it seems that error has been committed by the trial court.

This man is now in the Penitentiary and has been since February, unable to get a bond for his release, since which time his family has been a charge upon the public. We understand that the Illuminating Company stands ready now, and has always stood ready, to give him steady employment, because he is a faithful, honest and steady employee. Under the circumstances, we cannot help but come to the conclusion that this record does not show, with such a degree of certainty that this man is guilty of the crime of incest, that he should be convicted thereof.

This little girl undoubtedly was angry with her father because he remonstrated with her and tried to keep her in bounds. It is almost inconceivable to think that a little girl would lie that way; but she either lied then or on the witness stand, and her conduct at the Sterling Home and elsewhere was bad, for while at the Sterling Home she stole a key and got out of the Institution and went with young men and stayed out all night at Elyria or somewhere. It shows the character of the child, which shows that she should be under the control of authority and should be in some penal institution where girls can be reclaimed, if it is possible. But to convict the father under such circumstances is not warranted by the record.

In going over this record we can come to no other conclusion but that this verdict is manifestly against the weight of the evidence; that there was error in the court's permitting the confession to go into the record before the corpus delicti had been established; and error in the admission of the paper signed by the little girl.

For all these errors we can come to no other conclusion but that the judgment must be reversed, and inasmuch as the State may be able to supply what is deficient in this record, we will remand the case for a new trial.

Judgment reversed and cause remanded.

Sullivan and Levine, JJ, concur.