**COLUMBUS (City), Plaintiff-Appellee, v. BOSLEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4976.   Decided February 3, 1954.

Chalmers P. Wylie, City Atty., J. Russell Leach, Asst. City Atty., Columbus, for plaintiff-appellee.

Frank H. Ward, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

The defendant-appellant was charged with, convicted of and sentenced for the offense of possessing for sale certain intoxicating liquor.

three pints of whiskey, at 1005 Mt. Vernon Avenue in the City of Columbus, in violation of an ordinance of said city. The case was tried to a judge without a jury.

Seven errors are assigned encompassing irregularities in the proceedings in the admission of evidence offered by the City, the rejection of evidence offered by the defendant, refusing to sustain appellant's motion made at the conclusion of the case by the City to dismiss the charge, that the judgment is not sustained by sufficient evidence, and the overruling of appellant's motion for a new trial.

We do not discuss the assignments in their entirety or in the order set out in the appellant's brief.

We test the argument relating to the admission of evidence admitted over the objection of counsel for defendant and the refusal to admit testimony offered by the defendant.

The defendant was observed in front of his place of business, an all-night restaurant at 1005 Mt. Vernon Avenue, at 2:00 A. M., on February 28, 1953, by two policemen in a cruiser of the City. They testified that there was quite a crowd in front of the place of business; that they observed a man near the curb handing a piece of paper money towards defendant who reached in his right pocket as though intending to remove something therefrom. There was no showing from which it could be inferred that there was a completed sale. However, as the defendant was soon after this transaction searched by the officers and found to have on his person three pints of whiskey, one of which was in his right pocket, there is some permissible inference that there was an intention to buy and a purpose to sell the liquor or some of the liquor which defendant was shown to have possessed. These facts alone would not have been sufficient to establish the commission of the offense charged, but were some evidence of the corpus delicti.

The defendant was taken to police headquarters and into what is known as the "vice squad room" and there questioned for about fifteen minutes before he was slated. During the trip to the headquarters and while the conversation was carried on between the officers, the defendant and another individual who was arrested, the defendant expressed a desire to secure a bondsman and a lawyer. He testifies that the officers said to him, in substance, that they would not permit him to have a bondsman and probably not permit him to have a lawyer unless and until he told them what price he was securing for the liquor which he sold. This testimony of the defendant was made the basis of objection to the testimony of the officers concerning the statement of defendant that he charged three dollars per pint for the liquor which he sold. The statement attributed to the officers by the defendant is denied by them. There was no suggestion by counsel to the Court of a purpose to question the validity of the admission which constituted a confession, but presumably the objection urged to the admission of the testimony on the subject by the officers was based upon the claim that the admission was not voluntary, but secured by compulsion of the officers exercised upon the defendant by withholding his right to secure bondsmen until after he had made the statement. Upon

examination in chief of Officer Hoyt, in answer to a question whether he had conversation with Mr. Bosley at the time that he was at the police headquarters succeeding his arrest, he said, among other things, "We talked to both of them, he and the other gentleman, and he (Mr. Bosley) admitted to us that he was selling whiskey for three dollars a pint." Objection was made to this answer and it was moved that it be stricken. The Court reserved his ruling but did not strike the testimony. It should not have been admitted. It was but a conclusion of the witness and did not include the facts upon which the conclusion was predicated. However, wo do not find it prejudicial because Sergeant Watts testified to the admission by the defendant and it was not denied by the defendant to have been made.

In the cross-examination of Sergeant Watts he was asked if the alleged admission by Mr. Bosley was made after he had requested the right to contact somebody for bond. An objection to an answer to this question was sustained, and the answer which would have been made was proffered. This testimony should have been accepted. It was competent as tending to show that what compulsion, if any, was exercised by the officers upon the defendant occurred before he made his admission. However, the refusal to admit the testimony was not prejudicial because from the record in its entirety it is manifest that the admission was made after the time he had requested the right to contact somebody for bond.

The one material and decisive assignment of error relates to the voluntary character of the admission of defendant as to the purchase price at which he sold the liquor. Upon this question the trial judge heard all of the testimony and from it he had the right to draw the conclusion either, that if the testimony was induced by the statement of the officers as testified by the defendant it was not of sufficient compulsion to affect the voluntary character of the statement, or (2) that the denials of the officers of the statement attributed to them by the defendant were more probable than the testimony of the defendant on the subject.

There is a presumption that what one confesses or admits as to his connection with a criminal act was voluntarily made and will be admitted in evidence against him unless shown to have been involuntary. Jones v. State, 20 O. C. C. R. (N. S.) 542. The fact that the defendant was under arrest and in charge of the police officers, of course, required close observation on the part of the Court as to the effect of the statements attributed to them by the defendant if found by the Court to have been made.

The admission of the defendant alone would not have supported the conviction because the corpus delicti must first be proved before the confession can be used. **Maffia v. State, 8 Abs 592.** We have heretofore indicated that the other testimony respecting the conduct of the defendant and the other man in front of his place of business was sufficient proof of the corpus delicti to justify the conviction of the defendant upon his admission if found to have been voluntarily made.

We find no error assigned well made.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.